IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DEMARCUS A. HOOVER,**

                **Plaintiff,**

    v.                                       CASE NO. 21-3198-SAC

**CHRISTOPHER MAGANA,**

                **Defendant.**

**NOTICE AND ORDER TO SHOW CAUSE**

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a pretrial detainee, proceeds pro se. The court has reviewed plaintiff's motion to proceed in forma pauperis and, finding he lacks the resources to pay an initial partial filing fee, grants the motion. Plaintiff remains obligated to pay the $350.00 filing fee.

**Nature of the Complaint**

Plaintiff sues a state district judge, alleging he modified plaintiff's bond conditions without good cause and without notice to him, the prosecution, or pretrial services. He seeks declaratory relief and reinstatement of his $50,000.00 surety bond. The complaint shows that plaintiff is pursuing relief in the state courts.

**Screening**

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant

who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

"To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review

for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, 550 U.S. at 1974).

### Discussion

Plaintiff asks the court to modify the bond conditions in his state criminal action. Because the relief sought asks this court to intervene in a pending state criminal action, the plaintiff's claim implicates the abstention doctrine under *Younger v. Harris*, 401 U.S. 37, 45 (1971). The *Younger* abstention doctrine is based on "notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems." *Phelps v. Hamilton,* 122 F.3d 885, 889 (10th Cir. 1997). Absent narrow exceptions for "bad faith or harassment," prosecution under a statute that is "flagrantly and patently" unconstitutional, or other "extraordinary circumstances" involving irreparable injury, *Younger,* 401 U.S. at 46-55, abstention is appropriate when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court affords an adequate forum to hear the

claims raised in the plaintiff's federal complaint, and (3) the state proceedings implicate important state interests. *Weitzel v. Div. of Occupational & Prof'l Licensing*, 240 F.3d 871, 875 (10th Cir. 2001); *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982). If applicable, the *Younger* abstention doctrine obligates the Court to dismiss an action in favor of an ongoing state proceeding. *Weitzel*, 240 F.3d at 875.

Here, the first condition is met because plaintiff's state criminal proceedings are pending. The second condition is met because Kansas has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts. *In re Troff,* 488 F.3d 1237, 1240 (10th Cir. 2007) ("[S]tate control over criminal justice [is] a lynchpin in the unique balance of interests" described as "Our Federalism.") (*citing Younger,* 401 U.S. at 44). The third condition is met because the Kansas courts provide plaintiff with an adequate forum to litigate his claim by way of pretrial proceedings. *See Capps v. Sullivan,* 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("[F]ederal courts should abstain from the exercise of ... jurisdiction if the issues raised ... may be resolved either by trial on the merits in state court or by other (available) state procedures.") (quotation omitted). Plaintiff's claims of a wrongful bond modification is insufficient to trigger any of the *Younger* exceptions. *See Tucker v. Reeve*, 601 F. App'x 760 (10th Cir. 2015) (unpublished)(approving the application of the *Younger* abstention doctrine where pretrial detainee challenged his pretrial detention, alleging in part that state officials set excessive bond).

Likewise, the sole defendant to this action is shielded by absolute judicial immunity. Judges are absolutely immune from civil

suits based on actions taken in their judicial capacity, except where they act in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Therefore, this suit also is subject to dismissal based on the immunity of the sole defendant.

The court will direct plaintiff to show cause on or before September 22, 2021, why this matter should not be dismissed for the reasons set forth. The failure to file a timely response will result in the dismissal of this matter without additional notice.

IT IS, THEREFORE, BY THE COURT ORDERED that on or before **September 22, 2021,** plaintiff shall show cause why this matter should not be dismissed for the reasons discussed herein.

IT IS FURTHER ORDERED plaintiff's motion to proceed in forma pauperis (Doc. 2) is granted. Plaintiff remains obligated to pay the $350.00 filing fee.

**IT IS SO ORDERED.**

DATED:  This 1st day of September, 2021, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge